Dear Mr. Flores:
This office is in receipt of your request for an opinion of the Attorney General in regard to the amendment to R.S.33:1967 by Act 521 of 1993 providing as follows:
R.S. 33:1967. Captain of force
 A. A member of the department holding the rank of captain shall be in charge of each force in each fire company. "Force" as used herein means any single piece of fire fighting apparatus. In any paid fire department operated by a municipality having a population of thirteen thousand or more and in any parish or fire protection district every fire fighting apparatus shall be operated by a member of the department holding the rank of engineer or fire driver, by whichever designation he may be known, provided the "term fire fighting apparatus" shall not be construed to include standard passenger vehicles, nor any other type of automotive equipment assigned to fire department use other than vehicles specially designed for fire fighting purposes. Provided further, that all cities now having engineers or fire drivers operating fire cars or other fire vehicles shall continue this practice.
 B. Notwithstanding the provisions of this Section or any law to the contrary, the governing authority of a municipal fire department governed by the provisions of this Subpart, a parish fire department, and a fire protection district may assign a member of such department holding the rank of captain to operate fire cars and other fire vehicles.
In regard to this amendment you ask whether or not the amendment provides that a captain in the fire service be physically present on a fire truck, excluding passenger vehicles.
We note that Act 521 of 1993 provides in the title that it is "To amend and reenact 33:1967 relative to captains of certain fire departments; to authorize the governing authority of certain fire departments to assign fire captains to operate certain fire vehicles; and to provide for related matters". Basically this amendment made no substantial change in Paragraph A, but added Paragraph B. It is in the latter Paragraph that it provides that notwithstanding the provisions of the Section, "the governing authority of a municipal fire department * * * may assign a member of such department holding the rank of captain to operate fire cars and other fire vehicles."
Therefore, while in Paragraph A it is provided in any paid fire department having a population of thirteen thousand or more, every fire fighting apparatus "shall be operated by" a member of the department holding the rank of "engineer or fire driver", the amendment makes the exception of allowing the governing authority to assign a captain to operate fire vehicles. We do not find this amendment has any affect on the previous requirement of Paragraph A that simply states a captain "shall be in charge of each force in each fire company", and force means any single piece of fire fighting apparatus.
Based upon the decision of the court in Landreneau v. St.Landry Parish Police Jury, 355 So.2d 978
(La.App. 1977), we would conclude that a captain does not need to be physically present on a fire truck to be in charge. The court found except for a driver, the law does not mandate assignment of personnel to any particular apparatus, and the language of the statute does not require that the captain be on duty at the station to be "in charge" of each apparatus at that place. Finding that any captain "in charge" will not have to be present with the apparatus to supervise any personnel attached to it, the court observed:
 The law specifically calls for the apparatus to be operated by an engineer or fire driver. It could hardly be the intention of the statute that the in-charge requirement would call for a captain to be present on the truck solely to chaperon the driving of an otherwise qualified driver.
Consequently, unless the governing authority assigns a captain to operate the fire vehicle, we do not find in accordance with the interpretation the court has made of the phrase "in charge" that a captain must be physically present on a fire apparatus to be "in charge" of a piece of fire fighting apparatus.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General